## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tonya Akes, individually and on behalf of all others similarly situated, | Case No. 3:22-cv-869 |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| Beiersdorf, Inc. | **JULY 11, 2022** |
| *Defendant*. | |

**<u>Class Action Complaint</u>**

i

## Table of Contents

I. Introduction. .................................................................................................... 1

II. Parties. ........................................................................................................... 2

III. Jurisdiction and venue. .................................................................................. 2

IV. Facts. ............................................................................................................. 3

    A.    Defendant makes, markets, distributes and sells Coppertone Sport Mineral and Coppertone Sport Mineral FACE sunscreen lotions. ..................................... 3

    B.    The Coppertone Sport Mineral FACE label is misleading to reasonable consumers. ............................................................................................. 9

    C.    Plaintiff was misled by Defendant's misrepresentations. ...................... 10

V. Class action allegations. ............................................................................... 12

VI. Claims. ........................................................................................................ 14

VII. Jury demand. ............................................................................................... 19

VIII. Relief. .......................................................................................................... 19

## I.    Introduction.

1.    Defendant makes, distributes, sells, and markets "Coppertone Sport Mineral" sunscreen.   Defendant sells several products in the "Coppertone Sport Mineral" line.   One of those products, the "Coppertone Sport Mineral FACE" lotion, is prominently labelled "FACE." The front of the product also prominently touts that the sunscreen "Won't Run Into Eyes" and is "Oil Free."



2.    These prominent representations lead reasonable consumers to believe that the Sport Mineral FACE lotion is specifically designed for the face.   And based on this reasonable belief, they are willing to pay more for the product.   In fact, per ounce, the Sport Mineral FACE

lotion costs twice as much as Coppertone's regular (i.e., non-face) Sport Mineral lotion.  But reasonable consumers buy it anyway, because they want a product that is specifically formulated for use on their face.

3.    The truth, however, is that the Coppertone Sport Mineral FACE lotion is exactly the same as the regular Coppertone Sport Mineral lotion.  Defendant is putting the same sunscreen into two different bottles with different labels.  Consumers are being deceived and overcharged.

## II.    Parties.

4.    Plaintiff Tonya Akes is a citizen of California (domiciled in Fresno).

5.    The proposed class(es) include citizens of numerous states.

6.    Defendant Beiersdorf, Inc. is a Delaware corporation with its principal place of business in Wilton, Connecticut.  Defendant makes, labels, distributes, sells, and markets the Coppertone Sport Mineral FACE products.  Defendant is responsible for the making, labelling, distribution, selling, and marketing of the Coppertone Sport Mineral FACE products throughout the applicable statute of limitations period.

## III.    Jurisdiction and venue.

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class(es) are citizens of a state different from the Defendant.

8.    The Court has personal jurisdiction over Defendant.  Defendant has its principal place of business here.

9.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d).  Defendant would be subject to personal jurisdiction in this District if this District were a separate

state.  Defendant has its principal place of business here.  And Defendant sells the Coppertone

Sport Mineral FACE products here.

**IV.    Facts.**

**A.    Defendant makes, markets, distributes and sells Coppertone Sport Mineral and Coppertone Sport Mineral FACE sunscreen lotions.**

10.    Defendant makes, markets, distributes and sells the Coppertone Sport Mineral line

of sunscreens.

11.    The Coppertone Sport Mineral line of sunscreens includes various products such

as lotions and spray bottles, each with various SPF ratings.

12.    One of the products in the Coppertone Sport Mineral line is the regular

Coppertone Sport Mineral lotion.  It comes in 5-ounce bottles.  An example is shown below: [1]

---

[1] https://www.walmart.com/ip/Coppertone-Sport-Mineral-Sunscreen-SPF-50-Lotion-Zinc-Oxide-UVA-UVB-Protection-5-fl-oz/286215538



13.     Another product in the Coppertone Sport Mineral line is the Coppertone Sport

Mineral FACE lotion.  It comes in smaller, 2.5-ounce bottles.  An example is shown below: [2]

---

[2] https://www.walmart.com/ip/Coppertone-Sport-Mineral-Face-Sunscreen-Lotion-SPF-50-2-5oz/789123873?athbdg=L1600



14.     The label of the Coppertone Sport Mineral FACE lotion is almost identical to that of the regular Coppertone Sport Mineral lotion, with one important exception: the FACE lotion is prominently labelled "FACE."  And it includes face-specific representations, such as "Won't Run Into Eyes" and "Oil Free". [3]

---

[3] "Oil-free" is important for face use because, as consumers know, oil can clog pores and lead to break outs on the face.

15.    These representations are materially the same across all Coppertone Sport Mineral
FACE lotions.  That is, all the labels of all Coppertone Sport Mineral FACE lotions are
substantially similar.

16.    Both the regular Coppertone Sport Mineral and the Coppertone Sport Mineral
FACE lotions recently got a "new look."  This is shown below:

**Regular** [4]:

---

[4] https://www.walmart.com/ip/Coppertone-Sport-Mineral-Sunscreen-SPF-50-Lotion-Zinc-Oxide-UVA-UVB-Protection-5-fl-oz/286215538





**FACE** [5]:




17.     As the pictures show, the "old" labels are substantially similar to the "new" ones.

In particular, both the old and new labels for the Coppertone Sport Mineral FACE lotion are

---

[5] https://www.walmart.com/ip/Coppertone-Sport-Mineral-Face-Sunscreen-Lotion-SPF-50-2-5oz/789123873?athbdg=L1600

prominently labelled "FACE" and include the same prominent face-specific representations:
"Won't Run Into Eyes" and "Oil Free."

### B. The Coppertone Sport Mineral FACE label is misleading to reasonable consumers.

18.     Based on the prominent "FACE" marking and face-specific representations on the front label of the Coppertone Sport Mineral FACE products, reasonable consumers believe that the lotion is specifically formulated for use on the face.  In other words, reasonable consumers believe that there is something different about the Coppertone Sport Mineral FACE lotion that makes it better suited for use on the face, as compared to regular Coppertone Sport Mineral lotion.

19.     The pricing of Coppertone Sport Mineral FACE reinforces this reasonable belief. Per ounce, Coppertone Sport Mineral FACE costs twice as much as regular Coppertone Sport Mineral.  For example, Walmart sells 2.5-ounce containers of SPF 50 Coppertone Sport Mineral FACE for $9.98—$3.99/ounce. [6]  And it sells 5-ounce containers of regular SPF 50 Coppertone Sport Mineral for $9.98—$1.99/ounce. [7]  The same is true for other retailers: per ounce, "FACE" costs twice as much as regular Coppertone Sport Mineral. [8]

20.     The difference in pricing further indicates to reasonable consumers that the FACE product is specially formulated for the face, while the regular product is not, thus justifying the difference in price.

---

[6] https://www.walmart.com/ip/Coppertone-Sport-Mineral-Face-Sunscreen-Lotion-SPF-50-2-5oz/789123873?athbdg=L1600
[7] https://www.walmart.com/ip/Coppertone-Sport-Mineral-Sunscreen-SPF-50-Lotion-Zinc-Oxide-UVA-UVB-Protection-5-fl-oz/286215538
[8] For example, on Amazon.com, regular Coppertone Sport Mineral and Coppertone Sport Mineral FACE are $9.98—even though the bottle of regular Coppertone Sport Mineral is twice as large.  Likewise, on Walgreens.com, regular Coppertone Sport Mineral and Coppertone Sport Mineral FACE are both $11.99—even though the bottle of regular Coppertone Sport Mineral is twice as large.

21.     The truth, however, is different.  Coppertone Sport Mineral FACE is not specially formulated for the face.  Nor is it more expensive to manufacture.  Quite the opposite, it is identical to regular Coppertone Sport Mineral, which costs half as much.  Defendant is taking the same exact product and putting it in two different bottles, one prominently marked "FACE" and one not.  And then it is charging twice as much for the sunscreen in the bottle marked "FACE." In short, Defendant is tricking consumers into thinking they are buying sunscreen lotion specially formulated for the face, when in reality, they are just buying Defendant's regular Sport Mineral sunscreen in a smaller—and far more expensive—bottle.

22.     That Defendant is able to charge twice as much for Coppertone Sport Mineral sunscreen when it is prominently labelled "FACE" and includes face-specific representations demonstrates that Defendant's labelling is misleading.  No reasonable consumer who understood that Coppertone Sport Mineral FACE is identical to regular Coppertone Sport Mineral would choose to pay twice as much for it.  So the very fact that Defendant is able to sell Coppertone Sport Mineral FACE sunscreen demonstrates that its labelling is misleading consumers.

**C.     Plaintiff was misled by Defendant's misrepresentations.**

23.     In or around June 2022, Ms. Akes bought a 2.5-ounce bottle of Coppertone Sport Mineral FACE at a Walmart Supercenter in Fresno, CA.  The package said "FACE" prominently on the label.  The product also stated "Won't Run Into Eyes" and "Oil Free."  A picture of the bottle is shown below:



24.    Ms. Akes read and relied on the "FACE" statement, as well as the additional face-specific representations on the front label of the product, when she purchased the product.  Based on these representations, Ms. Akes believed that the product was specially formulated for use on the face, and bought it specifically for this reason.  Ms. Akes would not have purchased this product if she had known that the product was, in fact, identical to regular Coppertone Sport Mineral FACE, which costs half as much.  Moreover, the price Ms. Akes paid for this product was inflated due to the misleading FACE and face-specific representations.  Had she known the truth, Ms. Akes could have purchased the same product for half as much per ounce as she paid.

**V.    Class action allegations.**

25.    Plaintiff brings certain claims on behalf of the proposed class of: all persons who purchased a Coppertone Sport Mineral FACE Product in the United States during the applicable statute of limitations (the "**Nationwide Class**").

26.    For certain claims, Plaintiff brings those claims on behalf of a subclass of consumers who live in certain identified states (the "**Consumer Protection Subclass**").

27.    For certain claims, Plaintiff brings those claims on behalf of a subclass of consumers who, like Plaintiff, purchased a Coppertone Sport Mineral FACE Product in California (the "**California Subclass**").

28.    The following people are excluded from the Class and the Subclasses: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assignees of excluded persons.

*Numerosity*

29.    The proposed class(es) contain members so numerous that separate joinder of each member of the class is impractical.  Based on the pervasive distribution of Coppertone Sport Mineral FACE products, there are hundreds of thousands of proposed class members (or more).

*Commonality*

30.    There are questions of law and fact common to the proposed class(es).  Common

12

questions of law and fact include, without limitation:

- Whether the Coppertone Sport Mineral FACE products are formulated specifically for use on the face;

- Whether Defendant's labelling and pricing of the Coppertone Sport Mineral FACE products is misleading;

- Whether Defendant violated state consumer protection statutes;

- Damages needed to reasonably compensate Plaintiff and the proposed class(es).

### *Typicality*

31.     Plaintiff's claims are typical of those of the proposed class(es).  Like the proposed class(es), Plaintiff purchased a Coppertone Sport Mineral FACE product.  Like the proposed class(es), Plaintiff would not have purchased the products, or would have paid less for them, had she known the truth.

### *Predominance and Superiority*

32.     The prosecution of separate actions by individual members of the proposed class(es) would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards for the parties opposing the class.  For example, individual adjudication would create a risk that the same label is found to be actionably misleading for some proposed class members, but not others.

33.     Common questions of law and fact predominate over any questions affecting only individual members of the proposed class(es).  These common legal and factual questions arise from certain central issues which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any particular class member.  For example, a core liability question is common: whether Defendant's labelling is misleading to reasonable consumers.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### Count I: Violations of State Consumer Protection Acts
#### (on behalf of Plaintiff and the Consumer Protection Subclass)

35.     Plaintiff incorporates by reference each and every factual allegation set forth above.

36.     As alleged below, Plaintiff (who lives in California) brings her individual and certain subclass claims based on California consumer protection laws.  At the motion to dismiss stage (pre-certification), her claims are governed by California law.  At certification, Plaintiff intends to certify this count on behalf of the Consumer Protection Subclass, which includes consumers who live in the states listed below, which have materially-similar laws.

| State | Statute |
|---|---|
| California | Cal. Bus. & Prof. Code § 17200, and the following; Id. §17500, and the following<br><br>Cal. Civ. Code §1750 and the following. |
| Illinois | 815 ILCS § 501/1, and the following. |
| Maryland | Md. Code Ann. Com. Law, § 13-301, and the following. |
| New York | N.Y. Gen. Bus. Law § 349, and the following. |
| Missouri | Mo. Rev. Stat. § 407, and the following. |
| Washington | Wash. Rev. Code § 19.86.010, and the following. |
| Connecticut | Conn. Gen. Stat. Ann. §§ 42-110, and the following. |

37.     Each of these statutes is materially similar to California consumer protection law. Each broadly prohibits deceptive conduct in connection with the sale of goods to consumers.  No

state requires proof of individualized reliance, or proof of defendant's knowledge or intent to deceive.  Instead, it is sufficient that the deceptive conduct is misleading to reasonable consumers acting reasonably under the circumstances and that the conduct proximately caused harm.  As alleged in detail above, Defendant's conduct violates each statute's shared prohibitions.

38.    Defendant's conduct, including the misleading labelling of the Coppertone Sport Mineral FACE products with the "FACE" representation and related face-specific misrepresentations, and the sale of those products to Plaintiff and Class members, violates each statute's prohibitions.  Plaintiff saw and relied on these representations.

39.    Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Coppertone Sport Mineral FACE products.  As alleged in detail above, these misrepresentations are important to consumers and affect their choice to purchase the products.  And no reasonable consumer who knew the truth would choose to pay twice as much for the same thing.

40.    Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decisions and the purchase decisions of class members, and were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members, including the price premium that Plaintiff and class members paid.

41.    Plaintiff and class members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Coppertone Sport Mineral FACE products if they had known the truth and (b) they overpaid for the products because the products are sold at a price premium due to the misrepresentation.

**Count II: Violation of California's Unfair Competition Law (UCL)**
**(on behalf of Plaintiff and the California Subclass)**

42.    Plaintiff incorporates by reference and re-alleges each and every factual allegation set forth above as though fully set forth herein.

43.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

44.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

45.    The Unlawful Prong: Defendant engaged in unlawful conduct by violating the California Sherman Act, Cal. Health & Safety Code § 110390, which prohibits drug and cosmetics labelling that is "false or misleading in any particular." In addition, Defendant engaged in unlawful conduct by violating the FAL, as alleged below and incorporated here.

46.    The Fraudulent Prong: As alleged in detail above, Defendant's representations were false and misleading. Defendant's misrepresentations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.

47.    The Unfair Prong: Defendant violated established public policy by violating the CLRA and FAL, as alleged below and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the Sherman Act and FAL).

48.    The harm to Plaintiff and the Subclass greatly outweighs the public utility of Defendant's conduct. There is no public utility to misleading consumers into thinking that sunscreen not specifically formulated for the face is formulated specifically for the face, and overcharging them for it. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading labels only injure healthy competition and harm consumers.

49.     Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

50.     Plaintiff and the Subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceiving to reasonable consumers like Plaintiff.

*   *   *

51.     For all prongs, Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when purchasing Coppertone Sport Mineral FACE sunscreen.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

52.     Classwide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Coppertone Sport Mineral FACE sunscreen.

53.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Subclass members.

54.     Plaintiff and Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Coppertone Sport Mineral FACE products if they had known the truth and (b) they overpaid for the products because the products are sold at a price premium due to the misrepresentation.

### Count III: Violation of California's False Advertising Law (FAL)
### (on behalf of Plaintiff and the California Subclass)

55.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

56.     Plaintiff brings this cause of action on behalf of herself and members of the

California Subclass.

57.     As alleged more fully above, Defendant has falsely advertised Coppertone Sport Mineral FACE products by falsely representing that the products were specifically formulated for use on the face, when in fact the products are identical to regular Coppertone Sport Mineral.

58.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

59.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when purchasing a Coppertone Sport Mineral FACE product.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

60.     Classwide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Coppertone Sport Mineral FACE.

61.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Subclass members.

62.     Plaintiff and Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Coppertone Sport Mineral FACE products if they had known the truth and (b) they overpaid for the products because the products are sold at a price premium due to the misrepresentation.

### Count IV: Quasi-Contract / Unjust Enrichment
### (on behalf of Plaintiff and a Nationwide Class)

63.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

64.     Plaintiff alleges this claim individually and on behalf of a Nationwide Class.

65.     As alleged in detail above, Defendant's false and misleading labelling caused Plaintiff and the Nationwide Class to purchase Coppertone Mineral Sport FACE to pay twice as much for these products.

66.     In this way, Defendant received a direct and unjust benefit, at Plaintiff and the Nationwide Class's expense.

67.     Plaintiff and the Nationwide Class seek restitution.

**VII.    Jury demand.**

68.     Plaintiff demands a jury trial on all issues so triable.

**VIII.    Relief.**

69.     Plaintiff seeks the following relief individually and for the proposed class(es):

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed class(es);

- Damages;

- Restitution;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

Date: July 11, 2022                        Respectfully submitted,


                                           By: */s/ Craig A. Raabe*


                                           IZARD, KINDALL & RAABE LLP
                                           Craig A. Raabe (ct04116)
                                           Seth R. Klein (ct18121)
                                           29 South Main Street, Suite 305
                                           West Hartford, CT 06107
                                           T: (860) 493-6292
                                           F: (860) 493-6290
                                           craabe@ikrlaw.com

                                           DOVEL & LUNER, LLP
                                           Simon Franzini (Cal. Bar No. 287631)*
                                           simon@dovel.com
                                           Jonas B. Jacobson (Cal. Bar No. 269912)*
                                           jonas@dovel.com
                                           201 Santa Monica Blvd., Suite 600
                                           Santa Monica, California 90401
                                           T: (310) 656-7066
                                           F: (310) 656-7069

                                           *Counsel for Plaintiff*

                                           *Pro Hac Vice Forthcoming