UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TONYA AKES, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>    *v.*<br><br>BEIERSDORF, INC.,<br><br>    *Defendant*. | Civil No. 3:22-cv-869 (JBA)<br><br><br><br>August 4, 2023 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

**I.     Background**

Plaintiff Tonya Akes, individually and on behalf of all others similarly situated, brings a class action suit against Defendant Beiersdorf, Inc. alleging violations of California's Unfair Competition Law ("UCL"), California Legal Remedies Act ("CLRA"), and False Advertising Law ("FAL") (collectively, the "California Statutes") as well as unjust enrichment. The essence of Plaintiff's Amended Complaint is that she was misled by the Defendant's deceptive labeling on its 2.5-ounce bottle of Coppertone Sport Mineral sunscreen ("the product") based on her perception that its labelling "Face 50" meant that it was "specifically designed" or "specifically formulated" "for use on the face." (First Amend. Class Action Compl. [Doc. # 35] ¶¶ 2-3). The label at issue is reproduced below:



(*Id.* ¶ 1.)

 Plaintiff points to three statements on the label to support her belief: "FACE," "Won't Run Into Eyes," and "Oil Free." (*Id.* ¶¶ 1-2.) Plaintiff calls "Won't Run Into Eyes" and "Oil Free" "face-specific representations," (*id.* ¶ 14.) Plaintiff alleges that the sunscreen in this 2.5-ounce "FACE" packaging is identical to the sunscreen contained in Defendant's larger 5-ounce Coppertone Sport Mineral bottle which does *not* label itself with the words "FACE," but is priced at half the cost per ounce. (*Id.* ¶¶ 3, 19.) Plaintiff's theory of the deception is that Defendant purports to have a specialized facial sunscreen which it sells at a premium, but the sunscreen sold in the "FACE" container is no different from the sunscreen sold in the larger (and significantly cheaper per ounce) bottles. Defendant contends that Plaintiff cannot rely on a price comparison between the two bottles of sunscreen to demonstrate deception and that Plaintiff fails to adequately plead that the "FACE" bottle is deceptive in and of itself.

(Def.'s Mem. [Doc. # 46-1] at 2-3.) Defendant moves to dismiss the Amended Complaint arguing that Plaintiff has failed to plead that anything on the label was actually false, or that she was harmed through any misleading implication. (*Id.*)

## II.    Legal Standard

When deciding Defendant's motion under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a legally cognizable claim by making allegations that, if true, would plausibly show that she is entitled to relief, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007), by taking all factual allegations in the complaint as true and drawing all reasonable inferences in her favor. *See Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). However, this principle does not extend to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)[1]. Because "only a complaint that states a plausible claim for relief survives a motion to dismiss," *Iqbal*, 556 U.S. at 679, a complaint must contain "factual amplification . . . to render a claim plausible*." Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). A complaint that only "offers 'labels and conclusions'" or "naked assertions devoid of further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Additionally, because Plaintiff's California state statutory claims are "grounded in fraud," "the pleading as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (discussing the UCL and CLRA); *see also Vizcarra v. Unilever U.S., Inc.*, 339 F.R.D. 530, 545 n.4 (N.D. Cal. 2021) (" Where, as here, UCL, FAL, and CLRA claims are premised on alleged misrepresentations in product packaging or

---

[1] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

advertising, the claims are said to sound in fraud; accordingly, courts routinely hold that the claims must be pleaded with the heightened degree of particularity required by Rule 9(b)").

## III.   Discussion

### A.   California Statutory Claims

#### 1.   Deception

To state a claim of violations of the California Statutes, Plaintiff must allege that the product label is misleading to reasonable consumers, such that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (analyzing claims brought under the UCL, FAL, and CLRA for false and misleading advertising); *see also Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018). Plaintiff argues that this test is highly deferential to plaintiffs at the motion to dismiss stage, given that whether or not a label is misleading "will usually be a question of fact." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Applying this deferential standard, Plaintiff argues that dismissal is inappropriate, where she has alleged that "based on the name, label statements, and higher price of Defendant's Sport Mineral FACE lotion, reasonable consumers would believe that the lotion is specifically formulated for the face." (*Id.* at 3.) Defendant maintains dismissal is appropriate because there is no factual issue actually in dispute as Plaintiff "has not alleged that any of the three label statements on the product she purchased is deceptive." (Def.'s Reply [Doc. # 52] at 3.) In regard to Plaintiff's contention that the product implicitly represents that it is "specifically formulated/designed for the face," Defendant raises two points: first, that the label does not actually represent the product is specifically designed or formulated for facial use, (Def.'s Mem. at 11-12), and second, even if the label did implicitly represent that the product was specifically formulated or designed for the face, Plaintiff does not actually plead that such a representation is deceptive, and that

4

"the formula in the 2.5-ounce bottle (i) is unfit for use on the face, (ii) contains oils, or (iii) runs into the eyes." (*Id.* at 12.)

In support of her deception theory, Plaintiff points to Defendant's 5-ounce bottle, which sold for the same exact price as the 2.5-ounce "FACE"-labeled bottle, meaning that it is sold for half the per-ounce cost, despite containing the identical formula of sunscreen. (*See* Amend. Compl. ¶¶ 12-13, 20, 27.) Defendant argues that the mere fact that the 5-ounce bottle lacks the specific words "FACE," "Won't Run Into Eyes," or "Oil Free," (*Id.* ¶¶ 12, 16, 23) does not mean that the lotion in the bottle was not specifically formulated or designed for the face, and that Plaintiff's claim that it was not is unsupported by any factual allegations (Def.'s Mem. at 14), maintaining "[t]here is nothing deceptive about emphasizing different but equally true aspects of a product to different market segments, or pricing products differently when sold to different market segments or in different retail channels." (*Id.* at 15.)

Plaintiff correctly notes that California consumer protection laws "prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Williams*, 523 F.3d at 938. In *Williams*, a fruit snack label was found deceptive because it (1) "us[ed] the words 'Fruit Juice' juxtaposed alongside images of fruits such as oranges, peaches, strawberries, and cherries [but] contained no fruit juice from any of the fruits pictured on the packaging" and (2) "describe[d] the product as made 'with real fruit juice and other all natural ingredients,' even though the two most prominent ingredients were corn syrup and sugar." *Id.* at 936. While it was literally true that the product contained fruit juice (from grapes) and other natural ingredients, the Ninth Circuit reversed the district court's dismissal and found that:

> The facts of this case . . . do not amount to the rare situation in which granting a motion to dismiss [for lack of deception] is appropriate. . . . The product is called 'fruit juice snacks' and the packaging pictures a number of different fruits, potentially suggesting (falsely) that those fruits or their

> juices are contained in the product. Further, the statement that Fruit Juice
> Snacks was made with 'fruit juice and other all natural ingredients' could
> easily be interpreted by consumers as a claim that all the ingredients in the
> product were natural, which appears to be false.

*Id.* at 939. Plaintiff also points to a Second Circuit case which made a similar finding when

applying both New York and California consumer protection law. *See Mantikas,* 910 F.3d at

636-38 (holding that plaintiff sufficiently alleged deception where the packaging plausibly

conveyed that the cracker product labeled "WHOLE GRAIN" and "MADE WITH WHOLE

GRAIN" was predominantly made with whole grain, when in fact the grain in the crackers

was predominantly enriched white flour.)

Defendant concedes that deception can be based on a false inference stemming from

technically accurate statements, but argues that this case is distinct from the caselaw cited

by Plaintiff because here no facts are alleged showing the supposed inference itself is false.

(Def.'s Reply at 2-3). For example, in *Williams* it was technically true that there was real juice

in the fruit snacks, but the inference that could be drawn from the labeling (that there was

real juice in the snacks from the types of fruits actually printed on the label) was false.

*Williams*, 523 F.3d at 939. Here, the inference Plaintiff alleges is inferable from the label

"FACE" is that the sunscreen is specially designed/formulated for the face. Defendant argues

that the challenged label at issue merely conveys that the product *may* be used for the face

and not that it is specifically made for facial use. Plaintiff claims this is a factual issue not

appropriate to be resolved at the motion to dismiss stage. (Pl.s' Opp'n at 7-9); *see also, e.g.,*

*De Dios Rodriguez v. Olé Mexican Foods*, 2021 WL 1731604, at *5 (C.D. Cal. Apr. 22, 2021) (in

a dispute as to whether tortilla packaging featuring various references to Mexico impliedly

promised that the tortillas were made in Mexico, the court held that "to the extent that the

parties disagree on the proper interpretation of the representations . . . that is a question of

fact that is premature at the pleading stage"); *Bruton v. Gerber Prods. Co*., 2014 WL 172111,

at *10 (N.D. Cal. Jan. 15, 2014) (dispute over meaning of challenged representation "is

6

nothing more than a dispute of fact not appropriately resolved on a motion to dismiss");
*Fagan v. Neutrogena Corp.,* 2014 WL 92255, at *2 (C.D. Cal. Jan. 8, 2014) (rejecting motion to dismiss because defendant's no-deception argument "rests on one possible interpretation of the language, but it is not the only possible interpretation").

In *Culver v. Unilever United States, Inc.,* the court found no deception was pled where the plaintiffs argued consumers had been deceived into thinking that products had been made in France, based on the label containing two French words. No. CV 19-9263-GW-RAOX, 2021 WL 2943937, at *8 (C.D. Cal. June 14, 2021) (noting label was largely in English, the French words did not suggest France as a place of manufacturing, and thus concluding that "the pleadings do not delineate a basis, other than unfounded supposition, for a consumer to believe that the Products were made in France."), *appeal dismissed*, No. 21-55732, 2021 WL 6424469 (9th Cir. Dec. 29, 2021). Here, however, the word "FACE" is prominently displayed front and center and Plaintiff's claimed interpretation is plausible based on particularized facts alleged, and is thus sufficient to survive a motion to dismiss.[2]

Two other cases cited by Defendant are not persuasive that this case should be dismissed. *See Clark v. Westbrae Natural, Inc.,* No. 20-CV-03221-JSC, 2020 WL 7043879, at *1 (N.D. Cal. Dec. 1, 2020) (holding plaintiffs failed to adequately allege that reasonable consumers would believe that just the word "vanilla" on defendant's vanilla soymilk product meant that the

---

[2] Other cases cited by Defendant are distinguishable because they involve express disclaimers by the defendants undermining plaintiffs' theories of deception. In *Gudgel v Clorox Company,* the court found the plaintiffs failed to plead consumers would be misled that a product was suitable for sanitizing and disinfection, when the back of the bottle specifically stated "[n]ot for sanitization or disinfection." 514 F. Supp. 3d 1177, 1185 (N.D. Cal. 2021). Likewise in *In re Sony Gaming Networks and Consumer Data Sec. Breach Litigation,* the court rejected the plaintiffs' claim that Sony misrepresented the quality of its network security and that internet access for its gaming systems would be continuous, on the basis that Sony specifically disclaimed otherwise. 903 F. Supp. 2d 942, 968 (S.D. Cal. 2012). Here, unlike in *Gudgel* and *Sony,* no such disclaimer exists.

product's vanilla flavor was derived exclusively from the vanilla bean plant) and *Becerra v. Dr. Pepper/Seven Up, Inc.,* 945 F.3d 1225, 1229 (9th Cir. 2019) (affirming a Rule 12(b)(6) dismissal on the grounds that no reasonable consumer would believe a soda labelled "diet" meant the soda would help the customer lose weight). While labeling products "vanilla" or "diet" was found insufficiently specific to convey the particular representations that the plaintiffs in those cases asserted, here the use of the word "FACE" on a lotion bottle is plausibly understood by consumers to differentiate between the intended applications of sunscreen—face or body. *See also Goodwin v. Walgreens*, Co., No. CV 23-147-DMG (PDX), 2023 WL 4037175, at *3-4 (C.D. Cal. June 14, 2023) (denying a motion to dismiss where plaintiff claimed that a cough medicine's label – which had the word "children" in the product's name, and the words "for children," and "Ages 4 & older" – misled customers to think it was "specifically formulated" for children, when in reality, the product was identical to the defendant's product for adults).

Defendant maintains that Plaintiff's true "gripe" is a challenge to Defendant's pricing decision, not any act or statement on which to premise liability.  In  *Boris v. Wal-Mart Stores, Inc.* plaintiffs brought statutory consumer fraud claims because the products "Equate Migraine" and "Equate Extra Strength Headache Relief" had the same formula, but different packaging and "Equate Migraine" was more expensive." 35 F. Supp. 3d 1163, 1168 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016). The Ninth Circuit found "that the mere fact of the proximate presentation of the two products with their different colors and prices is [not] sufficient to run afoul of [consumer protection] laws," and noted that the products' ingredients and their amounts were listed on the packages. *Id.* at 425. However, while the Ninth Circuit found that the disparate pricing failed to demonstrate deception in *Boris*, the court expressed "no opinion" on whether price "could contribute to a claim under a set of circumstances not before us." 649 F. App'x at 425.

Defendant also argues that by grounding her Amended Complaint in the price disparity between two products, Plaintiff is effectively asking this Court to impermissibly interfere with Defendant's pricing decisions. *See, e.g.*, *Princess Cruise Lines, Ltd. v. Superior Ct.*, 179 Cal. App. 4th 36, 46 (2009) (holding that "[i]n the absence of legislatively crafted standards, it is not for us to lay down economic policy that passes on the reasonableness of charges" in a case alleging claims under the UCL, FAL, and CLRA). Here, however, Plaintiff is alleging that price disparity reinforces the deception that Defendant's misleading "FACE" packaging conveys, i.e., that the 2.5-ounce bottle contained more expensive but specifically formulated facial sunscreen.

### 2.   Reliance

Under the California Statutes, a plaintiff must allege sufficient facts to show that she actually relied on the allegedly deceptive labeling. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015). Defendant argues that Plaintiff cannot plead such reliance absent any allegation that she actually saw the label or price of the 5-ounce non-"FACE" lotion bottle (Def.'s Mem. at 17-18) before she purchased the 2.5-ounce bottle. Plaintiff responds that "the packaging of the Sport Mineral FACE is deceptive standing alone—no comparison necessary." (Pl.'s Opp'n at 16.)

To be sure, Plaintiff's reliance argument would be strengthened if she had in fact seen both bottles at the time of purchase, one specifically labeled "FACE" and another bottle without "FACE" that was marketed at half the price per ounce. But even without comparison to the larger and non-"FACE" bottle, Plaintiff's claim she relied on the "FACE" label for her belief that the ingredients were tailored specifically for the face survives dismissal and it remains an open factual question for development in discovery whether the lotion (in both bottles) was identical and/or was formulated for facial use.

### 3.  Standing

Defendant argues that Plaintiff lacks standing under the California Statutes because she has failed to plead that she suffered any actual injury. Standing requires plaintiff to "(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e. *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011) (emphasis in original).[3]

Defendant misconceives Plaintiff's claim when it maintains that Plaintiff received what she purportedly wanted when she purchased the 2.5-ounce bottle of Coppertone Sport Mineral Sunscreen: a formula that is appropriate for use on the face, is oil free, and won't run into her eyes, and that Plaintiff has not alleged that the product she purchased was worth less than what she paid for it. (Def.'s Mem. at 19.) Plaintiff's claim is that she paid more for Defendant's facial sunscreen product, and she did not receive the benefit of the bargain, because she did not get a lotion specially formulated for facial use.  This articulation of economic injury suffices to meet the standing requirement.

### B.  Unjust Enrichment

Count V is a claim for quasi-contract and unjust enrichment, on the basis that the deceptive and misleading labeling led Plaintiff and the nationwide class to purchase the "FACE" lotion product at two times the price charged for the non-"FACE" product. (Amend. Compl. ¶¶ 84-88.) Plaintiff clarifies that she is not pleading unjust enrichment as a

---

[3] While *Kwikset* involves only the UCL and FAL, not the CLRA, both parties treat the standing requirement as functionally the same for all three statutes. California courts have reached the same conclusion. *See, e.g.*, *Hansen v. Newegg.com Americas, Inc.,* 25 Cal. App. 5th 714, 724, (2018) ("For the purposes of this appeal, the parties agree that the CLRA's standing requirements are effectively identical to those of the UCL and FAL, and that we may thus analyze the question of standing under each statute concurrently.")

"freestanding claim," but as a remedy for her quasi-contract claim that she paid a premium for a product based on deceptive labelling. (Pl.'s Opp'n at 20-21, *citing Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("[w]hen a plaintiff alleges unjust enrichment" as a free-standing claim, "a court may construe the cause of action as a quasi-contract claim seeking restitution").)

Defendant urges that this side-stepping of California's bar on unjust enrichment claims is ineffective. *See Hart v. BHH, LLC*, No. 15-cv4804, 2016 WL 2642228, at *5 (S.D.N.Y. May 5, 2016) (finding "persuasive" the "majority of courts" that have come to the conclusion that unjust enrichment claims are not cognizable). Alternatively, Defendant argues that Plaintiff cannot seek restitution because equitable remedies "will not be given when the plaintiff's remedies at law are adequate." (Def.'s Mem. at 23., *quoting Collins v. eMachs., Inc.*, 202 Cal. App. 4th 249, 260 (2011).)  In *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, the Northern District of California court found that where plaintiffs have chosen to sue in tort under the UCL, their unjust enrichment claims were duplicative and ought be dismissed. No. 19-md-2918, 2021 WL 4306018, at *24 (N.D. Cal. Sept. 22, 2021); *accord Silver v. Stripe Inc.*, No. 4:20-cv-8196, 2021 WL 3191752, at *8 (N.D. Cal. July 28, 2021).

Post-*Astiana*, district courts in California have been divided on whether an unjust enrichment/quasi-contract claim can be brought as an alternative theory of liability to statutory claims.  *Gagetta v. Walmart, Inc.* found that "[w]hile restitution-seeking claims may ultimately be inconsistent with tort claims of fraud, plaintiffs may bring both claims." No. 3:22-CV-03757-WHO, 2022 WL 17812924, at *10 (N.D. Cal. Dec. 19, 2022). *Gagetta* expressly distinguishes *In re hard Disk Drive* and *Silver v. Stripe*, in that both cases cite to California district court decisions issued prior to *Astiana*. *Id.* Since *Astiana*, "[s]everal decisions in [the Northern District of California] have permitted what were previously considered to be superfluous unjust enrichment claims to survive the pleading stage." *Valencia v. Volkswagen Grp. of Am. Inc*, 119 F. Supp. 3d 1130, 1142 (N.D. Cal. 2015) (collecting cases); *see also In re*

11

*Welspun Litig.*, No. 16 CV 6792 (VB), 2019 WL 2174089, at *13 (S.D.N.Y. May 20, 2019) (holding that post-*Astiana*, "the extent [to which] plaintiffs' restitution claim is duplicative or superfluous . . . is not grounds for dismissal" in California).  Based on *Astiana* and the weight of the caselaw that follows it, the Court concludes that the alleged duplicative nature of Plaintiff's restitution claim is not a basis for dismissal.

Additionally, Defendant asserts that Plaintiff fails to meet the "stringent injury requirement" for her restitution claim because she got the exchange she expected, even if induced by misinformation or fraud.  *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008); *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370–71 (2010). Defendant argues that "Plaintiff wanted a sunscreen specifically formulated/designed for use on the face, and she received it." (Def.'s Reply at 7). Defendant overlooks that whether the sunscreen is specifically formulated for the face remains a factual dispute requiring discovery.[4]

## IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. # 46] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of August, 2023

---

[4] Defendant's last argument that Beiersdorf could have simply charged more for the 5-ounce product instead of less for the 2.5-ounce product fails at this stage because Defendant implicitly rests its argument on the notion that the 2.5-ounce bottle is not deceptive, which Plaintiff has adequately pled to the contrary. *See Astiana*, 783 F.3d at 762 (the "straightforward statement" that defendant "'entic[ed] plaintiffs to purchase their products through false and misleading labeling, and that [defendant] was unjustly enriched as a result'" is sufficient to state a claim for quasi-contract).